(132 So. 659)

## MULHERN v. HAYNE et al.
### No. 30711.

Feb. 2, 1931.

Munholland & Munholland, of Monroe, for appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellees Frank B. Hayne, Hugh E. Vincent, and Mrs. Nannie Vincent.

Tobin R. Hodge, of Rayville, and J. S. Atkinson and Frederick E. Greer, both of Shreveport (John E. Green, Jr., of Houston, Tex., of counsel), for appellee Gulf Refining Co. of Louisiana.

BRUNOT, J.

On February 21, 1919, the plaintiff purchased from three of the defendants, viz., Frank B. Hayne, Hugh E. Vincent, and Mrs. Nannie C. Vincent, certain property, described as follows:

"The Northeast Quarter (N. E. ¼), and the Northwest Quarter (N. W. ¼) of Southeast Quarter (S. E. ¼) Section Twenty-nine (29), Township Seventeen (17) North, Range Six (6) East, containing Two Hundred (200) acres, more or less, with improvements thereon and appurtenances thereunto belonging, situated in the Parish of Richland, State of Louisiana."

In their deed to the plaintiff the vendors reserved to themselves one-half of the minerals, oil, and gas beneath the surface of said land, together with the rights necessary for the exploitation of the same. The reserved mineral, oil, and gas rights were not exercised by the vendors, but on July 15, 1926, approximately seven years and five months after the date of the deed by which plaintiff acquired the property, he joined his vendors in the execution of an oil and gas lease, affecting the entire property, to the Louisiana Petroleum Corporation. This corporation assigned all of its rights under the lease to the Gulf Refining Company, and the latter company conveyed the rights it thus acquired to the Palmer Corporation, the record owner of the lease when this suit was filed. The plaintiff has cited these corporations as codefendants herein. The lease to the Louisiana Petroleum Corporation contains the following clause:

"It is agreed that this lease shall remain in force for a term of five years from this date, and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee."

The lease also provides for its extension from year to year, in the event of nondevelopment by the lessee, upon the annual payment of a stipulated sum therefor.

The plaintiff avers that his vendors have not exercised the mineral, oil, or gas rights, reserved by them in their deed to him, during the ten years following the date of that deed, and by nonuser, during the prescriptive period, the said reserved rights have ceased to exist. His prayer is for a decree recognizing him as the sole owner, and entitled to the possession of all minerals, oil, and gas in and under the land described supra; ordering the recordation of the said reserved rights expunged from the public record; and, for judgment against the defendants, in solido, for $500 for expenses incurred in prosecuting this suit.

The petition is lengthy, but our statement of the case is a brief, but sufficient, summary of the essential averments pleaded.

The defendants excepted to the petition upon the ground that it did not disclose a right or cause of action. After a hearing thereon, both exceptions were sustained and plaintiff's suit was dismissed at his cost. The appeal is from that judgment.

The reasons assigned by the trial judge for his decree are, in part, as follows:

"The lease contract with the Louisiana Petroleum Corporation referred to in plaintiff's petition was placed in evidence to be considered upon the trial of this motion. The lease is plainly a relinquishment of plaintiff's right * * *, for it is for a period of five years from July, 1926, it extends over the ten years prescriptive period and it is admitted that the lease is in operation and effective at present, there being an acknowledgment, recognition and extension in the provisions of said lease."

This court has heretofore adjudicated several cases in which it is held that a reference in a deed to a prior reservation of mineral rights is not such an acknowledgment as would interrupt an accruing prescription. It was so held in Lewis v. Bodcaw Lumber Company, 167 La. 1067, 120 So. 859, and in La Del Oil Properties, Inc., v. Magnolia Petroleum Co., 169 La. 1137, 126 So. 684.

This case, however, is entirely different from the Bodcaw and La Del Cases. Here there is no deed in which reference is made to the ownership of minerals reserved in a prior deed. Here the plaintiff, as the owner of one half of the minerals, joined the persons in whose favor the other half of said mineral rights had been reserved, in the execution of a lease, of all the oil and gas, to a third person, for a term of years extending beyond the prescriptive period, and to an indefinite future period, beyond that time, in the event oil or gas is produced from the leased land. By joining in this lease plaintiff thereby recognized all of the rights of his colessors, and he cannot escape the effect of his written acknowledgment, which, in our opinion, we must hold to be an interruption of the then accruing prescription.

"Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed." C. C. art. 3520.

In the case of Nabors Oil & Gas Company v. Louisiana Oil Refining Company, 151 La. 397, 91 So. 765, 778, this court held as follows:

"The period of prescription may be interrupted by a written acknowledgment on the part of the obligor; but, when so interrupted, it begins anew from the date of the acknowledgment."

Plaintiff's suit is based upon the ten-year prescription liberandi causa. The pleadings affirmatively show that the lease from plaintiff and his colessors to the Louisiana Petroleum Corporation was recorded more than two

years before the expiration of the prescriptive period pleaded in this suit. We are of the opinion that the judgment appealed from is correct. The plaintiff has cited many authorities adjudicating issues which are not raised in this case, viz., the holder of a mineral lease has only the right to extract the minerals from the soil; this right is a servitude prescribed by nonuser for ten years; and the burden of proving use during the prescriptive period is upon the holder of the right.

We need not consider these authorities. For the reasons stated, the judgment appealed from is affirmed at appellant's cost.