**155 So. 229**

**LEVY v. KENNEY et al.**

**No. 32056.**

March 26, 1934.

Rehearing Denied May 21, 1934.

M'Caleb & M'Caleb and E. Howard M'Caleb, all of New Orleans, for appellants.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellee.

LAND, Justice.

On the night of June 23, 1928, the building at the corner of Bienville street and Exchange alley, owned by Mr. and Mrs. J. D. Kenney, and the adjoining building, owned by Mr. Leon Levy, collapsed and crumbled into ruins. At the time, there was no occupant in either building and no eyewitness on the streets to the occurrence. The Kenney building was vacant, and the Levy building was occupied by him for a wholesale leather and shoe-finding business and warehouse.

Plaintiff brings this suit against defendants for the sum of $36,614.30 for the damages he alleges were caused to him by the collapse of the Kenney building, which he claims in its collapse and fall pulled down the party wall dividing the two buildings.

On the other hand, defendants deny any fault upon their part, and the defendant James D. Kenney has reconvened for the sum

of $20,800 for the damages he alleges were caused to him by the collapse of the Levy building, which he claims in its collapse and fall pulled down the party wall dividing the two buildings.

Judgment was rendered in favor of plaintiff against the defendants, Mr. and Mrs. James D. Kenney, in the sum of $36,614.30, the full amount of damages claimed, and the reconventional demand of James D. Kenney was rejected at his cost.

From this judgment both defendants have appealed, and James D. Kenney has also appealed from that part of the judgment rejecting his reconventional demand.

Plaintiff and defendants charge each other with fault in this case. Plaintiff claims that the Kenney building collapsed first because of vices in its construction and lack of adequate repair. Defendants claim that the Levy building collapsed first, because of the bad condition of the party wall and the rotten ends of joists of the second floor and for the additional reason of the overloading by plaintiff of the four floors of his building with merchandise and other heavy materials.

These buildings front on Bienville street. The Kenney building is located at the corner of Bienville street and Exchange alley. The Levy building adjoins the Kenney building, and the building of the Rogers Printing Company adjoins the Levy building.

The Kenney and Levy buildings are anywhere from 65 or 70 to 100 years old. The party wall dividing the two buildings was 18 inches thick up to the second floor, and 13 inches thick for the second, third, and fourth stories of the Levy building. The front, side, and rear walls of the Kenney building, composing the first, second, and third stories, were also 13 inches thick. The walls in both of these buildings were constructed with the same kind of brick and a mortar made of river sand and lime, the latter being secured, at that early date, from burning oyster shells. Cement mortar was not then in existence.

It is a fact that all of these 13-inch walls of both buildings collapsed, leaving the 18-inch party wall, up to the second floor, and the rear wall of the Kenney building standing.

Not a living soul was in either of these buildings at the time of the collapse, and not a single eyewitness to the accident has been produced to testify.

The whole case rests upon the opinions of experts, who viewed and examined the débris of the two buildings after their collapse. None of these experts had inspected either of these buildings shortly before its fall.

The theory of plaintiff's experts rests upon the assumption that the Exchange alley wall bulged in the middle and collapsed first, because there was a buckle in this wall, and because the débris and timbers of the two buildings fell in the direction of Exchange alley.

The theory of defendants' experts rests upon the assumption that the Levy building collapsed first, due to the bad condition of the Levy-Kenney party wall, the rotten ends of joists in the floor of the second story of the Levy building, and the overloading of the Levy building with merchandise, and because the joists and a dormer window of the Kenney building are inclined towards the Kenney-Levy party wall.

These experts differ radically as to the condition of each of these buildings at the time and as to the cause of the collapse.

All of the physicists, architects, and civil engineers in the case are equally eminent and ingenious; but there is such a conflict in the expert testimony that we have been unable to find a fair preponderance of evidence in favor of either the plaintiff on the main demand, or in favor of the defendant on the reconventional demand.

The judgment rejecting the reconventional demand of J. D. Kenney is affirmed, and the judgment rendered on the demand of the plaintiff, Leon Levy, is reversed, and his demand is rejected at his cost.

ST. PAUL, J., absent.