### VENTRESS v. AKIN et al.

#### No. 5497.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Lewell C. Butler and Thos. W. Robertson, both of Shreveport, for appellant.

Dan W. Stewart, of Minden, for appellee.

DREW, Judge.

This suit was instituted by R. Rees Ventress praying to be recognized as the owner of all the minerals in and under the following described property:

S. W. ¼ of N. W. ¼ of section 27, township 18 north of range 9 west.

The issues herein involved were submitted to the lower court on an agreed statement of facts, which is as follows:

"Now into Court comes R. Rees Ventress, plaintiff, and W. R. Akin and E. L. Lanning, defendants, represented herein by their undersigned counsel, and submit the issues involved in this suit upon the following agreed statement of facts, subject to the exceptions and pleas heretofore filed, which exceptions and pleas are fully reserved and objections to testimony under same being made general.

"1. It is agreed that on October 28, 1926, R. Rees Ventress sold to J. O. Stewart by a deed filed October 29, 1925, Vol. 69, p. 546, wherein plaintiff expressly reserved unto himself all oil, gas and other minerals on, in and under the S W ¼ of N W ¼, Section 27, Township 18 North, Range 9 West, a certified copy of said deed being annexed to this agreed statement of facts and marked 'Exhibit 1'.

"2. That J. O. Stewart sold an undivided one-fourth interest in said land to E. L. Lanning, as shown by deed dated November 20, 1926, filed April 20, 1927, in Conveyance Book 75, p. 344, a certified copy of which deed is attached hereto and marked 'Exhibit 2'.

"3. That J. O. Stewart sold S. L. Manning an undivided one-half interest in said property on November 2, 1926, by deed recorded in Conveyance Book CC, p. 43, a certified copy of which deed is hereto attached and marked 'Exhibit 3'.

"4. That the Bank of Minden & Trust Company acquired an undivided one-fourth interest in said land by sheriff's deed from J. O. Stewart on March 12, 1932, recorded May 20, 1932, in Conveyance Book 83, p. 196, a certified copy of deed is attached hereto and marked 'Exhibit 4'.

"5. That the Bank of Minden & Trust Company acquired an undivided one-half interest from S. L. Manning by virtue of sheriff's deed, dated May 7, 1932, and recorded May 12, 1932, in Conveyance Book 93, p. 382, a certified copy of which is attached hereto and marked 'Exhibit 5'.

"6. That the Bank of Minden & Trust Company sold to defendant, W. R. Akin, an undivided three-fourths interest in said property on October 17, 1932, recorded November 16, 1932, in Conveyance Book 94, p. 128, a certified copy of which is hereto attached and marked 'Exhibit 6'.

"7. That on August 10, 1933, W. R. Akin executed an oil and gas lease in favor of J. P. Evans which lease was filed for record in the Conveyance office of Webster Parish, Louisiana, on October 9, 1933, under Register No. 48989; that the original of said lease was later withdrawn from the said Clerk's office and the same was thereupon signed by R. R. Ventress and thereupon the same was filed in the office of the Clerk of Court of Webster Parish, Louisiana, on October 11, 1933, and is duly recorded in the Conveyance Book 96, p. 155, a certified and photostatic copy of which lease is hereto attached, and it is agreed that in case of appeal, said photostatic copy shall be set up in the original, which copy is marked 'Exhibit 7'.

"8. It is agreed that on October 5, 1933, E. L. Lanning executed an oil and gas lease in favor of J. P. Evans, which lease is duly recorded in Conveyance Book 96, p. 153, a copy of which is attached hereto and marked 'Exhibit 8'.

"9. It is agreed that W. R. Akin, E. L. Lanning and other parties executed an extension agreement in favor of J. P. Evans on November 24, 1933, recorded March 10, 1934, in Conveyance Book 98, p. 14, a certified copy of which is attached hereto and styled 'Exhibit 9'.

"10. It is agreed that L. L. Ventress conveyed to R. Rees Ventress, by act of partition, as shown by instrument dated January 5, 1920, recorded in Vol. 39, p. 23, a certified copy of which is attached hereto and styled 'Exhibit 10'.

"11. It is admitted that the defendant, R. Rees Ventress, is now and has been for many years a resident of Webster Parish, Louisiana; that at the time of the service of citation, through a curator ad hoc, in suit No. 9239 on the docket of the District Court of Webster Parish, Louisiana, which suit is made a part of this agreement, the said R. Rees Ventress was a resident of the Parish of Webster, Louisiana, and that no personal or domiciliary service was made on said Ventress; that he was not cited legally in said suit, and that judgment therein rendered was based upon the pretended citation, aforesaid.

"12. It is admitted that no operations have been conducted on said property in search of oil or gas, and that no well has been drilled thereon, and that the amount in dispute is less than $2,000.00."

There were filed also certified copies of ten instruments of record in Webster parish, La., which are marked "Exhibits 1 to 10."

The plaintiff makes two demands in this case: (1) That a previous judgment rendered against him and in favor of the defendants, wherein his rights to the minerals under the above described property were declared to have been forfeited, be annulled for lack of citation; and (2) that he be recognized as the owner of all the minerals under the above described property.

■ The judgment which plaintiff seeks to have declared a nullity was based upon a citation through a curator ad hoc. The plaintiffs in that case, who are defendants here, were of the belief and so alleged that Mr. Ventress had left the state of Louisiana permanently and was therefore a nonresident or absentee. In the agreed statement of facts it is admitted that Mr. Ventress, the plaintiff herein, was at the time of said judgment, and has been continuously thereafter, a resident of Webster parish. The record also discloses that the plaintiffs in that suit acted in good faith.

The lower court annulled the judgment, and correctly so. The correctness of that decision is not questioned here by the defendants in this suit.

The statement of facts and documents filed in evidence show a complete chain of title from a common author. One shows a transfer by R. Rees Ventress to J. O. Stewart of a considerable amount of land, including the 40 acres involved here. In said transfer, which was of date October 28, 1925, Ventress reserved to himself all the minerals in and under the said 40 acres. This transfer was made more than 10 years prior to the time of the filing of this suit, and defendants here claim that, because of nonuser, said reservation made by Ventress has become barred by limitation, and has therefore prescribed. Plaintiff admits there was no actual development on the 40 acres by him or any one else during a period of 10 years from October 28, 1925, but contends that the 10-year prescriptive period for nonuser has been interrupted and, in support of his contention, relies on the following exhibits numbered 3, 7, and 9.

Exhibit 3 is a deed from J. O. Stewart to S. L. Manning, of date November 2, 1926, which deed transfers a half interest in the above described 40 acres and other lands, and contains the following provision: "subject only · to a reservation of all the oil, gas and other minerals on the S W ¼ of N W ¼ of Section 27, made by R. R. Ventress in his deed to this vendor, recorded in Volume 59, p. 546, Conveyance Records of Webster Parish, Louisiana."

Exhibit 7 is a photostatic copy of a lease, of date August 10, 1933, from W. R. Akin and R. R. Ventress to J. P. Evans.

Exhibit 9, of date November 24, 1933, is an extension of lease agreement by Akin, Ventress, Lanning, and many other land-owners in that vicinity to J. P. Evans, and covers the 40 acres involved here.

In passing on the issues as above set out, the lower court had the following to say:

"Unless the prescription of ten years that began to run on October 28, 1925, when Ventress conveyed the land to J. O. Stewart has been interrupted, the plaintiff has lost the right to the servitude he reserved. It is admitted that it has not been interrupted by production of oil or gas.

"It is urged by plaintiff that the prescription was interrupted by the deed from J. O. Stewart to S. L. Manning (Ex. 3), which sale was made subject to the reservation of Ventress. This did not have the effect of interrupting the running of prescription. Lewis·v. Bodcaw Lbr. Co., 167 La. 1067, 120 So. 859. Even if this deed could be held to have interrupted the running of prescription, more than ten years have elapsed since its execution and I do not understand that the filing of this suit on October 20, 1936, would have the effect of interrupting this kind of prescription.

"Exhibit 7 is a lease signed by W. R. Akin and plaintiff. The admission in the agreed statement on which the case has been submitted, conclusively shows that this was not a joint lease in the ordinary sense, because Akin apparently did not know that plaintiff was to sign, or had signed it, and it is my opinion that this lease did not have the effect of interrupting the running of prescription. Certainly the separate lease from Lanning to Evans (Ex. 8), did not have such effect.

"This leaves for consideration only the amendment to these leases (Ex. 9) which is signed by plaintiff and defendants and many more lessors who had executed leases in the same vicinity. The body of this amendment does not contain the names of the persons expected to sign it, and the names of both defendants appear to have been signed before that of plaintiff. This instrument simply amended the drilling obligation contained in the original leases so as to relieve the lessee from drilling to a depth of 4000 feet, conditioned upon the drilling of a second well on another location, and in my opinion does not evidence any intention on the part of the defendants to interrupt the prescription. ·On the contrary, they filed suit January 14, 1935, to have this reservation cancelled, and while the judgment rendered in that suit is set aside in this case for want of legal citation, the fact that defendants filed the suit may be considered in determining whether or not they intended to interrupt the prescription by the execution of the leases and amendment. It is not shown that defendants ·had. any knowledge ·of the signing of the lease or the amendment thereof by the plaintiff, and unless it is shown that they knew this and acquiesced to it, the prescription of ten years must be held to have accrued prior to the filing of this suit. Bremer v. North Central Texas Oil Company, 185 La. 917, 171 So. 75; Frost Lumber Ind. v. Union Power Company, 182 La. 439, 162 So. 37.

"In my opinion the facts in the case at bar are not applicable to the Mulhern Case (Mulhern v. Hayne), 171 La. 1003, 132 So. 659, and the other cases cited and relied on by plaintiff, for the reason that I find

as a fact that neither the lease nor the amendment were jointly executed.

"For these reasons the demand of plaintiff to be decreed the owner of the oil, gas and other minerals on the land described in the petition will be rejected at his cost, and the plea of prescription tendered by defendants will be sustained.

"J. F. McInnis, Judge."

We are fully in accord with the opinion of the lower court. We are unable to find anything in the instruments relied upon by defendants or in the statement of facts to justify us in holding ·that they at any time intended to interrupt the prescription which was accruing in their favor, and our interpretation of the law, as laid down in Frost Lumber Industries v. Union Power Company, 182 La. 439, 162 So. 37, and reaffirmed in the case of Bremer v. North Central Texas Oil Company, 185 La. 917, 171 So. 75, is that the acknowledgment, in order to interrupt prescription, must be specific, clear, and concise, and must at least purport to express the intent to interrupt this accruing prescription.

The judgment of the lower court is correct and is affirmed, with costs.