178 So. 539

**MASSINGALE v. LITTLE et al.**

**7 Div. 457.**

Supreme Court of Alabama.
Jan. 27, 1938.

---

[1] Ante, p. 281.

Joe Brown, of Gadsden, for appellant.

W. T. Murphree, of Gadsden, for appellees.

ANDERSON, Chief Justice.

The main question in this case is whether or not the appellant, Massingale, is an innocent purchaser of the lot in question. Ratliff owned the property and mortgaged it, with other property, to E. C. Little for $5,000. It appears that while the mortgage was made to E. C. Little, his mother furnished four-fifths of the money loaned, and that said E. C. Little assigned the mortgage to his mother; said assignment being made upon the record of the mortgage some time prior to the transaction between the mortgagor Ratliff and Massingale. The respondent relies chiefly upon a certain statement in writing from E. C. Little to Ratliff authorizing him to sell certain of the lots upon the conditions therein set forth, and which reads as follows:

"Mr. S. L. Ratliff, Gadsden, Alabama.

"Dear Sir: As security for the loan I have made to you in the sum of $5,000.00 you have given a number of houses and lots, and I hereby agree that during the term of this loan, should you desire to sell any one or more of said houses and lots, then this may be done and I will release the property, provided the purchase price for the property so sold is paid to me to be applied upon the mortgage indebtedness, and provided further that the price obtained for such property shall first be agreed to by me.

"Yours very truly,

"E. C. Little. [Signed.]"

 The record disclosing that E. C. Little had assigned the mortgage before the transaction between Ratliff and Massingale, it may be questionable as to whether they had the right to act upon the authority of Little as against the assignee of the mortgage. . Conceding, however, without deciding, that they did, the burden of proof was upon the respondent to show that Ratliff had complied with the requirements of the letter so as to warrant a release of the lot in question from the mortgage, and we think that the respondent has failed to do so. Ratliff has attempted to do so, but E. C. Little positively denies such a compliance, and we think Little is corroborated by the surrounding facts and circumstances as well as the cross-examination of Ratliff.

The trial court did not err in denying the motion to set aside the submission for the purpose of taking other testimony, as no proper predicate was set out. The motion did not set out the nature or character of the newly discovered evidence, the name or names of the witnesses, or acquit the respondent of negligence.

The circuit court did not err in denying the appellant relief and in dismissing the bill of complaint, and the decree is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.