136 So.2d 501 (1961)
Benjamin W. DART, Jr.
v.
Frank Leo BREITUNG.
No. 5413.
Court of Appeal of Louisiana, First Circuit.
December 18, 1961.
Rehearing Denied January 29, 1962.
Certiorari Denied March 28, 1962.
*502 Stephen P. Dart, St. Francisville, for appellant.
R. H. Kilbourne, Clinton, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
REID, Judge.
This suit was brought by Benjamin W. Dart Jr., seeking several alternative remedies in regard to certain reservations in an Act of Sale to the Defendant, Frank Leo Breitung. Dart sold a certain tract of land to Breitung on August 23, 1950. The following reservations and conditions were included in the Act of Sale:
"The vendor reserves and retains unto himself, his heirs and assigns and the purchaser hereby acknowledges and grants unto the vendor, his heirs and assigns, an undivided one-fourth of all the oil, gas, sulphur and other minerals (excepting sand and gravel) in, on and that may be produced from the real property herein conveyed.
"The vendor further reserves unto himself, his heirs and assigns, and the purchaser hereby grants unto the vendor, his heirs and assigns, the exclusive right and power from time to time to negotiate, make, assign and grant oil, gas, sulphur and other minerals (excepting sand and gravel) lease or leases upon the property herein conveyed, including the interest of the purchaser, his heirs and assigns in said property or mineral or mineral rights therein, such lease or leases to be for the consideration and upon such terms and conditions and for such period or periods of time as may be acceptable to the vendor, his heirs or assigns. In connection with this reservation, the vendor shall have the right to make and execute the usual and customary forms of mineral leases, including the grant to any lessee or lessees, the right of ingress at all times on, from and in and out of said land for the purpose of prospecting, exploring, drilling and mining and in every way operating for and producing oil, gas, sulphur and other minerals and to produce, save, store, treat, manufacture, load, transport and remove the same from the premises hereinabove described, together with the right of erecting thereon all such structures, pump stations, tanks, reservoirs, pipe lines, compressing and measuring stations, telephone, telegraph and power lines and all other such structures and equipment of every nature and character that the said lessee or lessees may find necessary, proper or convenient in the operation, development, using, removing and enjoying the rights, granted under any such lease or leases. In the event any such lease or leases are granted by the vendor, his heirs and assigns, said vendor, his heirs and assigns shall receive one-half (½) of all the bonus and rental money paid under any such lease or leases and the purchaser, his heirs and assigns shall receive the other one-half (½) of such bonus and rental money.
"The leasing privileges herein reserved by the vendor shall remain and continue in force and effect regardless of any change in or division of the purchaser's *503 ownership or title or to said real property or the purchaser's interest in the minerals and mineral rights therein, it being understood that the vendor, his heirs or assigns shall have the right to lease said property jointly with other property or mineral rights owned by the vendor, his heirs or assigns, upon such terms and conditions with respect to the operations and payment of rental as shall be acceptable to the vendor. In the event of any such lease or leases which include other property or mineral rights owned by the vendor, his heirs or assigns, the purchaser, his heirs or assigns, shall be entitled to receive one-half (½) of so much of the rental or bonus money paid under such lease that is attributable to the hereinabove described property.
"The rights herein reserved by and granted to the vendor may be exercised by the vendor or his heirs or assigns either in person or by his or their agents and all the rights and obligations herein shall extend to and be binding upon the heirs, assigns or all the parties hereto.
"The parties hereto take cognizance of, but without any intention of acknowledging or otherwise interrupting prescription against, the reservation of certain mineral rights in the above described property made by Mrs. C. S. Stewart, et al as per act recorded in Book T-2, folio 210, Conveyance Records of East Feliciana Parish.
"The parties hereto agree that the prescription running against the mineral reservation and leasing privileges herein reserved by the vendor can be interrupted only by the commencement of drilling operations on the hereinabove described lands prior to the actual prescription of vendor's said rights and the carrying of the drilling operations so commenced to a depth at which it is reasonable to expect to find oil, or gas, or other minerals (except sand or gravel) having commercial value."
Plaintiff was approached in regard to the minerals on the tract in question. The following excerpt from the testimony given on the trial on the merits shows the basic facts in regard to Plaintiff's efforts to lease the land and Defendant's refusal to sign or ratify the proposed lease:
"By Mr. Dart: `It is stipulated by and between counsel for the plaintiff and defendant, that if Mr. James Mc-Gregor of Shreveport, Louisiana were present and testifying in Court that he would testify to the effect that he, representing the Wheelis Oil Company made an offer to purchase an oil, gas, and mineral lease on the property herein in question, for a bonus payment of $2.00 per acre, and a rental value of $1.00 per acre on a 10-year basis.' And on the form which is attached to the petition which I filed in Court, he requested that Mr. Breitung sign as a party to the lease, and after Mr. Breitung would not sign as a party to the lease, he agreed that he would accept a separate instrument ratifying the lease or ratifying Mr. Dart's power of attorney to sign in his capacity.
"By the Court: Was there a lease completed or not?
"By Mr. Dart: There was no lease completed, Your Honor, I talked to him about executing a lease and putting it in escrow pending the decision of the Court, but he was not willing to do that. I explored that avenue with 2 or 3 other lawyers in town, and they have all thus far turned me down. I don't know whether I will be able to find someone who might yet do it before the 23rd of August when this reservation actually runs out. At the present time there is no executed lease, although we have filed in the mortgage records a notice of lis pendens, which *504 would have the effect of putting everyone on notice that there is a controversy in this suit.
"It is further stipulated that Mr. Breitung is the present owner of the land."
Arguendo, we will assume that this reservation is valid in all respects, which position is most favorable to Plaintiff. Based on these facts Plaintiff sued and sought relief by alternate remedies:
"2. That after due proceedings had there been Judgment herein in favor of the petitioner, Benjamin W. Dart Jr., and against the defendant, Frank Leo Breitung decreeing that the tolling of prescription has been interrupted on the mineral servitude of petitioner as of March 7, 1960 and beginning the running of prescription anew from that date;
"Alternatively, and in the event the Court should hold that the actions of the defendant do not constitute an interruption of the tolling of prescription of petitioner's mineral servitude, then petitioner prays:
"3. That the court render a judgment herein in favor of petitioner, Benjamin W. Dart Jr., and against the defendant Frank Leo Breitung, declaring the said Benjamin W. Dart Jr., to be empowered under the terms of the sales agreement dated August 23, 1950 registered in Conveyance Book x-2, folio 170-171 to execute an oil, gas, or other mineral lease covering both his interest and that of the defendant, Frank Leo Breitung, for a period of ten years or any period less than ten years, and to reserve therefrom onehalf (½) of all bonus and delay rental monies which might be paid thereunder.
"Alternatively, and should the Court decide that the petitioner does not have the power to execute an oil, gas and mineral lease covering both his own interest and that of the defendant for ten years, or any period extending beyond the termination of his reservation, then and in that event:
"4. That the Court render judgment herein in favor of petitioner, Benjamin W. Dart, Jr., and against the defendant Frank Leo Breitung in the full sum of Eight Hundred Forty-Seven And 39/100 ($847.39) Dollars, together with legal interest thereon from date of judicial demand until paid as damages for breach of contract."
After trial on the merits, the Trial Judge, Woodrow W. Overton, signed reasons for Judgment, but Judge Overton died before the formal Judgment was signed. The formal Judgment was signed by a substitute Judge, in accordance with Judge Overton's written reasons for Judgment and granting Judgment for the Defendant.
Plaintiff has perfected Suspensive Appeal to this Court from the adverse Judgment of the District Court.
First, it should be noted that there is no executed lease in evidence. Therefore, this Court does not have before it the question of the effect of a lease executed by Dart under the provisions of the reservations in the deed to Breitung.
For this reason it is felt that there are only two questions which are a proper subject for our scrutiny.
The first question is whether or not damages are recoverable by Dart for Breitung's failure to sign or to ratify Dart's execution of the proposed lease to Wheeles Oil Company.
The second question is whether or not this refusal by Breitung could suspend the renewing of prescription under LSA-Civil Code Article 792.
Under the clear terms of the reservation in question Dart retained the right to execute any leases on the land involved in this litigation during the period August 23, 1950 to August 23, 1960. The question of *505 the effective term of such lease is not presently before us considering that, as hereinabove shown, no such lease was ever executed by Dart. Moreover, the lease contains no provisions which could reasonably be construed as obligating Breitung to either join in the execution of, or ratify any lease which Dart may have seen fit to execute. The terms of the reservation involved herein granted Breitung no power, right or authority to affect the mineral rights in the land during the period in question. On the contrary, such right in its entirety was reserved and retained exclusively by Dart. In this respect the case at bar is clearly distinguishable from Nolen v. Bennett, La. App., 119 So.2d 636, 637 in which the following appears in the document which the court was therein called upon to construe:
"The said W. H. Bennett binds and obligates himself, if requested, to ratify such oil and gas mineral leases as may be executed by said J. S. Nolen, his heirs, successors, or assigns."
In view of the fact that Breitung was not obligated to join in or ratify a lease he was not legally responsible for the prospective lessee's refusal to accept a lease from Dart alone. Had the intended lessee actually entered into a lease with Dart an entirely different question would be presented herein, namely, the effectiveness thereof subsequent to August 23, 1960, providing the primary term of such lease extended beyond said date.
Under the terms and conditions of the sale with mineral reservation involved herein, Dart possessed no legal right to compel Breitung to join him in executing a lease or to ratify an executed lease during the ten-year period following the date of sale to defendant Breitung.
For this same reason, it is felt that Plaintiff's contentions relying upon LSA-Civil Code, Article 792, suspending of the prescriptive period for Defendant's failure to sign the lease is without merit. It should also be noted on this point that the language of the reservation clearly states that only the commencement of bona fide drilling operations would interrupt the running of prescription against the servitude created by plaintiff's reservation of one-fourth of the mineral rights in and to the property sold defendant by plaintiff. Unquestionably, this provision was inserted in recognition of the well established rule of law obtaining in this State to the effect that a mineral reservation being in the nature of a servitude prescribed for 10 years non-user unless the rights thus granted are exercised during such period or there is either a suspension of the running or prescription or an interruption thereof resulting from an acknowledgment by the landowner. Barnsdall Oil Co. v. Miller, 224 La. 216, 69 So.2d 21.
Accordingly, Judgment is hereby granted for the Defendant, Frank Leo Breitung, and against the Plaintiff, Benjamin W. Dart, Jr., rejecting Plaintiff's demands in their entirety, at Plaintiff's cost.
Affirmed.